Scott, J,
The sale of the mortgaged premises by the administratrix, for the payment of debts, and the order of the probate court authorizing the same, were made in 1865. The plaintiff was not made a party to the petition and proceedings in the probate court, and had no knowledge of their pendency or existence till the sale had been fully made^and the purchase-money applied to purposes other than .the payment of the mortgage debt. The question raised by the demurrer to his petition is, whether, under these circumstances, . the purchaser at the administrator’s sale took the land discharged of the lien of the plaintiff’s mortgage.
Prior to 1858, the statutes of this State did not require mortgagees or other lien holders to be made parties to the petition of an administrator for the sale of lands for the payment of debts. And as the law then stood, it was repeatedly held, that the purchaser at such sales, where the proceedings were in other respects regular, would hold the premises discharged of all liens, whether arising under mortgages or judgments, 'though the lien-holders were not made parties to the proceeding. It was held that the priorities arising from such liens were, by the statute, transferred to the fund arising from the sale of the land; and that the purchaser was not responsible for the proper application of this fund by the administrator. Bank of Muskingum v. Carpenter's Adm'rs et al., 7 Ohio, 21; Defrees v. Greenham et al., 11 Ohio St. 486. The administration act of 1840 required that the widow and heirs, or persons having the next estate of inheritance, should be made parties defendant to the administrator’s petition; that notice in writing of the *475 petition and place and time of hearing, or subpoenas in chancery, should be served on the defendants whose places of residences are known, and who reside in the State; and that if the names or residences of any defendants are unknown, or they reside out of the State, they shall be notified by publication. The statute further provides, that “If the court are satisfied that the defendants have been duly notified, . . . as above prescribed,” etc., “ they shall order the sale,” etc. (S. & C. 590, 591, secs. 124, 126, 128, and 130.) By the amendatory act of April 12, 1858 (S. & C. 622), it is expressly required, that in addition tp the persons named in section 124 of the original act, all mortgagees and other lien holders, by judgment or otherwise, shall be made parties defendant to such petition, in the same manner as is provided by the act of 1840 for making parties defendant thereto. We think the effect of this legislation was to give to the petition and proceedings by the administrator for the sale of lands in order to the payment of debts, a full adversary character, so far as respects the persons required to be made defendants.
It follows that the plaintiff not having been made a party to the petition of the administratrix, his rights as a mortgagee were unaffected by the order of sale, and the proceedings had thereunder. The defendant Durand purchased the premises with constructive notice of the plaintiff’s lien, and the maxim of ea/veat emptor applies to the case.
The demurrer to the plaintiff’s petition will be overruled, and cause remanded to the district court.
Beinkebhoee, C.J., and Welch, White, and Day, JJ., concurred.